837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Howard A. FROMSON, Plaintiff-Appellant,
v.
ADVANCE OFFSET PLATE INC., Defendant/Cross-Appellant.
and
News Publishing Company of Framingham, Holyoke Transcript
Telegram Pub. Co., Inc. a/k/a Transcript Telegram
Co., and Graph-Coat Inc., Defendants-Appellees.
 Nos. 87-1177, 87-1188.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1987.
 
 Before RICH and DAVIS, Circuit Judges and NICHOLS, Senior Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States District Court for the District of Massachusetts, awarding damages for patent infringement, is affirmed.
 
 OPINION
 
 2
 Plaintiff-appellant Howard A. Fromson holds U.S. Patent No. 3,181,461 which claims anodized aluminum plates treated with sodium silicate and coated with light-sensitive diazo resin and processes for manufacturing these plates. In previous litigation between the parties Fromson established that the defendants-appellees had infringed the patent and he successfully defended the patent against challenges to its validity. Fromson v. Advance Offset Plate, Inc., 720 F.2d 1565, 219 USPQ 1137 (Fed.Cir.1983); Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 225 USPQ 26 (Fed.Cir.1985). The current appeal arises out of the subsequent trial for damages, with both sides appealing aspects of the damage award.
 
 
 3
 Fromson protests that the district court erred in setting compensatory damages that were too low, thus allegedly rewarding the infringers for their wrongdoing. Fromson also urges that the reasonable royalty determined by the court should have been calculated on a per square foot basis rather than as a percentage of infringing sales. However, the damages assessed by a trial court will only be reversed if the court abused its discretion, as shown by an error of law, a clear error in judgment, or clearly erroneous findings of fact. TWM Mfg. Co. v. Dura Corp., 789 F.2d 895, 898, 222 USPQ 525, 526 (Fed.Cir.1986). There are none of these errors in Judge Keeton's opinion. On the contrary, the court determined damages in a manner well within its discretion, using standards mandated by 35 U.S.C. Sec. 284 and methods of calculation approved by this Court. 35 U.S.C. Sec. 284 mandates that damages shall be "adequate to compensate for the infringement, but in no event less than a reasonable royalty." A reasonable royalty is the "hypothetical royalty resulting from arm's length negotiations between a willing licensor and a willing licensee." Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1078, 219 USPQ 679, 682 (Fed.Cir.1984).
 
 
 4
 In constructing this hypothetical royalty, the court delivered a comprehensive opinion, taking account of all significant facets of the case. It started with a consideration of the parties' circumstances and knowledge as they were just prior to the infringement. The court found that reasonable royalties would have been 1.25 percent of wipe-on plate sales and 1.5 percent of presensitized plate sales.[1] In support of these figures, the court noted that the cost of aluminum was a large part of the prices of the plates and that the market for lithographic plates was a low profit margin market. Judge Keeton also found that the profits Fromson could have made from the patent accorded with these royalty figures. We see no error in these determinations, nor in the 0.5 percent of sales added to each of the royalty rates to adjust for the effect upon the hypothetical license negotiations of other infringers in the market. Authority of the trial court to make this sort of adjustment is recognized in Stickle v. Heublein, Inc., 716 F.2d 1550, 1563, 219 USPQ 377, 387 (Fed.Cir.1983) ("trial court may award an amount of damages greater than a reasonable royalty so that the award is 'adequate to compensate for the infringement' ").
 
 
 5
 Likewise, the court's choice of a 'percentage of sales' as the royalty base instead of 'square feet of plates sold' was neither legal error nor clear error of judgment. The court found it unreasonable to assume that a hypothetical willing licensee would have agreed to make royalty payments based on square feet of plates sold, because of the difficulty involved in adjusting the royalty rate for inflation over the term of the license. In sum, the court properly exercised its discretion to select a method of calculating damages that was adequate to compensate for the infringement.
 
 
 6
 Fromson also takes exception to the admission into evidence of documents concerning license negotiations between Fromson and other alleged infringers. Fromson argues that these documents should have been excluded, under Fed.R.Evid. 408, from the court's determination of a reasonable royalty, because they concerned offers to compromise "a claim which was disputed as to either validity or amount." The court permissibly found, however, that these were not offers to compromise but merely opening gambits in an expected negotiation. In addition Judge Keeton indicated that he did not base his determination of the proper royalty rates on these industry-wide offers.
 
 
 7
 Cross-appellant Advance challenges the trial court's doubling of the damage award for "willful" infringement. Under 35 U.S.C. Sec. 284, a court may increase the damages up to three times the amount found or assessed. An enhancement of damages is particularly appropriate when the infringement is found to be willful. TMW Mfg. Co. v. Dura Corp., 789 F.2d at 902. The willfulness of infringement is a question of fact and a finding of willfulness will not be reversed unless clearly erroneous. Leinoff v. Louis Milona & Sons, Inc., 726 F.2d 734, 742, 220 USPQ 845, 851 (Fed.Cir.1984). A trial court must evaluate the question of willfulness based on a totality of the circumstances. King Instrument Corp. v. Otari Corp., 767 F.2d 853, 867, 226 USPQ 402, 412 (Fed.Cir.1985).
 
 
 8
 Judge Keeton found by clear and convincing evidence that Advance's infringement of the Fromson patent had been willful, and doubled the damages. Advance argues that, because the court did not consider whether Advance had a good faith belief that it was not infringing Fromson's patent, and because Stickle v. Heublein, Inc., 716 F.2d at 1565, requires that a court's willfulness finding be based on a determination that the infringer had no reasonable basis for believing that it had a right to do the acts that infringed, the court committed an error of law. However, it is apparent from the transcript of the bench ruling delivered by Judge Keeton that he properly determined that Advance did not have a reasonable or good faith belief that it had a right to do the acts that constituted infringement. The court found that Advance's awareness of the possible relevance of the Fromson patent to Advance's operation, coupled with, inter alia, the quick and summary nature of its response to Fromson's letter to Advance warning of possible infringement, as well as the nature of the subsequent patent lawyer's advice, were sufficient to support a finding of willfulness. We understand the court to mean that Advance's degree of knowledge and its behavior in light of that knowledge precluded the possibility that Advance held a good faith belief in the propriety of its acts. Instead, it was "simply carrying forward" (as Judge Keeton put it) its "earlier determination to proceed with whatever risks there were." This finding cannot be upset as clearly erroneous.
 
 
 9
 Advance also contends that the district court erred by refusing to limit infringement damages to those that occurred after January 31, 1975 when Fromson notified Advance of a possible infringement problem. Under 35 U.S.C. Sec. 287, the failure of a patent holder to mark articles that it makes or sells under that patent will disable the patent holder from recovering infringement damages, at least prior to the time when the patent holder notifies the infringer of the infringement. Advance contends that since Fromson failed to mark items that Fromson sold under his own patent, Fromson's damage award should be so limited, despite the fact that Fromson's infringement claims pertain to Advance's infringement of both the product claims and process claims in Fromson's patent. Section 287 by its language does not apply to process patent claims.
 
 
 10
 In Hanson v. Alpine Ski Area, Inc., 716 F.2d 1550, we addressed somewhat similar circumstances. In that case, however, even though the patent included both product and process claims, the litigation involved claims for infringement of process claims only; and we held that section 287 was inapplicable there. The court found infringement of both process and product claims in Fromson's patent in this case. Although the presence of infringement of product claims here might warrant a finding that section 287 serves to limit damages, we need not decide that question since we agree with Judge Keeton that Fromson's presentation of his patent in 1970 (before infringement began) to the man who ultimately founded Advance, Mr. Sullivan, was sufficient to place Advance on notice not only of the existence of the patent, but also of the potential for infringement if Advance entered into any activity protected by the patent. For this reason we hold that the court properly refused to limit the damages to post-1975 infringement.
 
 
 
 [1]
 Pre-judgment interest was allowed on the award